IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORNELIUS GRANT WILLIAMS,                *

      Petitioner,                              *

     v.                                          *          CIVIL ACTION NO. GLR-14-1406

STATE OF MARYLAND,                       *

      Respondent.                              *

**<u>MEMORANDUM</u>**

On April 24, 2014, Petitioner Cornelius Grant Williams filed the instant 28 U.S.C. § 2254 (2012) habeas corpus application attacking his conviction for possession of cocaine with the intent to distribute entered in 2001 in the Circuit Court for Prince George's County.  ECF No. 1. Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 7.  After being granted twenty-eight days to explain why his Petition should not be dismissed as time-barred (ECF No. 8), Petitioner filed a Response (ECF No. 9).[1]

On September 12, 2000, Petitioner entered an <u>Alford</u>[2] plea in the Circuit Court for Prince George's County, Maryland, to possession of cocaine with the intent to distribute.  ECF No. 7, Ex. 1.  He was sentence on January 5, 2001, to a five year term of imprisonment with all but twelve months suspended and with three years of probation upon release.  He was permitted to serve his sentence on home detention.  <u>Id.</u>  Petitioner did not file an application for leave to appeal the entry of his guilty plea and sentence.[3]  <u>Id.</u>, Ex. 1. His conviction became final on

---

[1] The Court is also in receipt of correspondence from Petitioner's family and friends, filed in support of his Petition.  ECF No. 10

[2] <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970).

[3] Petitioner proceeded without counsel when he entered his plea as well as during sentencing.  Petitioner had been granted numerous postponements to obtain counsel and had

February 5, 2001, when the time for seeking leave to appeal expired.  See Md. Cts. & Jud. Proc. Code Ann. § 12-302(e)  (West 2014) (Review of "a final judgment entered following a plea of guilty . . . shall be sought by application for leave to appeal."); see also Md. Rule 8-204(b) ("[A]pplication for leave to appeal . . . shall be filed within 30 days after entry of the judgment or order from which the appeal is sought.").[4]

On August 31, 2009, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland's Uniform Post Conviction Procedure Act, Md. Crim. Pro. Art. Code Ann. §§ 7–101 et seq. (West 2014).   ECF No. 7, Ex. 1.    The Petition was denied on October 15, 2010. Petitioner's application or leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on August 10, 2011.  The mandate issued on September 12, 2011. ECF No. 7, Ex. 2.

Petitioner filed a petition for writ of coram nobis on January 7, 2013, which was denied on January 16, 2013.  On June 4, 2013, he moved to reopen post-conviction proceedings. The motion was denied on October 7, 2013. Id., Ex. 1.

Title 28 U.S.C. § 2244(d) (2012) provides a one-year statute of limitations in non-capital cases for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Gray v. Waters, 26 F.Supp.2d 771, 771-72 (D.Md. 1998).

---

been forewarned that if he appeared on the September 12, 2000 trial date without counsel he would be deemed to have waived his right to counsel due to his inaction. ECF No. 5, pp. 23-24.

[4] Petitioner was charged with violating his probation in September of 2004. ECF No. 7, Ex. 1, p. 10.  Probation revocation proceedings were scheduled for October 3, 2014. Id. It is unclear whether the revocation hearing was held.

Here, the statute of limitations began to run on February 5, 2001, and expired one year later. During that time there were no proceedings pending which would serve to toll the limitations period. Petitioner did not institute state post-conviction proceedings until August 31, 2009, the date he filed his petition for post-conviction relief.

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court of the United States explained that equitable tolling is available only where (1) the movant has diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing. Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).[5]

Petitioner does not offer any arguments in favor of equitable tolling. Rather, he reiterates his underlying claim that he was denied his right to counsel at the critical stages of his case. ECF No. 9. Petitioner's claims regarding lack of counsel during his guilty plea, sentencing, and application for leave to appeal do not serve to equitably toll the limitations period. Petitioner's self-represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance that justifies equitable tolling. See Barrow v. New Orleans S.S. Ass'n, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). Thus, the Court does not find Petitioner's arguments for equitable tolling compelling. See Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (negligent mistake by

---

[5] See also Lusk v. Ballard, No. 2:10cv5, 2010 WL 3061482, at *6 (N.D.W.Va. July 22, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in Harris, remains virtually unchanged after Holland).

party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling);  Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (self-represented status does not establish sufficient ground for equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not circumstances that warrant equitable tolling); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Accordingly, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the . . . district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, Petitioner does not satisfy this standard.  Thus, the court declines to issue a certificate of appealability.

A separate Order will follow.

November 10, 2014

_____/s/_____
George L. Russell, III
United States District Judge